Jesse **LOERA, Plaintiff—Appellant,**

v.

**COUNTY OF IMPERIAL; et al., Defendants—Appellees.**

Nos. 06–55438, 06–56116.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 9, 2007.*

Filed Nov. 27, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Jesse Loera, El Centro, CA, R. Robert Monterrosa, Esq., R. Robert Monterrosa Law Offices, Sacramento, CA, for Plaintiff–Appellant.

Michael T. Gibbs, Esq., Gibbs & Fuerst, San Diego, CA, for Defendant–Appellee.

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Jesse Loera appeals the district court orders granting summary judgment and awarding attorneys' fees to the Imperial County Sheriff's Department and the County of Imperial (collectively, the "County"). Loera was terminated from his position as a Deputy Sheriff after he was found to have sexually harassed a fellow County employee. Loera unsuccessfully challenged the County's decision to terminate him before the County's administrative review board. Instead of seeking review of the administrative

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

board's decision in state court under California Code of Civil Procedure § 1094.5, Loera brought the present action under federal and state anti-discrimination laws against the County in federal court, alleging his termination was retaliatory, on account of him being a Mexican–American, and on account of a disability. The district court granted the County summary judgment and awarded the County attorneys' fees and costs. Loera brought this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Loera correctly concedes his failure to seek state judicial review of the administrative board's finding by administrative mandamus action, Cal.Civ.Proc.Code § 1094.5, would normally preclude relitigation of the issues in his 42 U.S.C. § 1983 and California law claims. *Johnson v. City of Loma Linda*, 24 Cal.4th 61, 69–71, 99 Cal.Rptr.2d 316, 5 P.3d 874 (2000); *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1036–37 (9th Cir.1994). However, Loera incorrectly claims he is excepted from the preclusion rule because a defective discovery process in the administrative hearing denied him an adequate opportunity to litigate his claims in state proceedings. *See Miller*, 39 F.3d at 1036–37. The County made all witnesses and documents Loera requested available to him. Loera offers no evidence the County prevented him from eliciting information from a witness during the administrative hearing that he later elicited from her in a deposition for his federal suit. Moreover, had the County concealed evidence from Loera, the state judicial review process of which Loera chose not to avail himself provided a means to correct such a procedural error. *See* Cal.Civ.Proc.Code § 1094.5(e); *City of Fairfield v. Superior Court of Solano County*, 14 Cal.3d 768, 771–72, 122 Cal.Rptr. 543, 537 P.2d 375 (1975) (noting post-administrative discovery is available for inquiries reasonably calculated to lead to the discovery of additional evidence admissible under California Code of Civil Procedure § 1094.5). Accordingly, Loera was not deprived of an adequate opportunity to litigate his claims through state administrative and judicial procedures, and he is precluded from relitigating his discrimination claims in federal court. *See Johnson*, 24 Cal.4th at 69–71, 99 Cal.Rptr.2d 316, 5 P.3d 874; *Miller*, 39 F.3d at 1036–37.

■ To the extent Loera pleaded claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"), none of which is clear from his complaint, he failed to exhaust his remedies before the Equal Employment Opportunity Commission ("EEOC") and failed to file this action on time. The filing of Loera's federal suit came long after all possible filing deadlines under Title VII, the ADA, and the ADEA had expired. *See* 42 U.S.C. § 2000e–5(e) (Title VII); 42 U.S.C. § 12117(a) (ADA); 29 U.S.C. § 626(d) (ADEA). Further, Loera's failure to file *any* EEOC administrative complaint is a jurisdictional bar to his Title VII claim. *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir.2001). Accordingly, Loera may not bring his claims under Title VII, the ADA, or the ADEA in this court.

■ Finally, the district court did not abuse its discretion by awarding the County $44,998.70 in attorneys' fees and costs after finding the County prevailed, Loera's continued pursuit of the action was unreasonable, and the fees requested were reasonable.[1] *See Fischel v. Equitable Life*

---

1. Loera does not directly challenge the propriety of the district court order awarding the County its *costs*.

*Assur. Soc'y of U.S.,* 307 F.3d 997, 1005 (9th Cir.2002). Although the district court could have deemed Loera's failure timely to oppose the County's motion for attorneys' fees as consent to the fees under local rules, S.D. Cal. Civ. R. 7.1(f)(3)(c), the district court awarded the fees only after considering the substantive arguments Loera made in his supplemental brief in opposition to the fees. The district court's findings that Loera's action was groundless and unreasonable, that Loera "offered no objective evidence to support his claim that he was terminated for any improper or illegitimate purposes, and [that] his showing did not exceed his 'belief' that he was terminated in 2002 for retaliatory reasons" were not clearly erroneous. *Fischel,* 307 F.3d at 1005. Finally, the attorneys' fees award comports with the standard the Supreme Court set forth in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

For these reasons, we affirm the district court orders granting the County summary judgment and awarding the County attorneys' fees and costs.

**AFFIRMED.**